**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KIMBERLY L. RILEY; LAURA CARROS,
Plaintiffs-Appellants,

v.

No. 95-1294

TECHNICAL AND MANAGEMENT
SERVICES CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-93-3518-AW)

Argued: February 1, 1996

Decided: March 12, 1996

Before WILKINSON, Chief Judge, HAMILTON, Circuit Judge,
and STAMP, Chief United States District Judge for the Northern
District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Richard Lee Swick, SWICK & SHAPIRO, P.C., Washington, D.C., for Appellants. Susan Rebecca Podolsky, JENNER & BLOCK, Washington, D.C., for Appellee. **ON BRIEF:** Diane Bodner, SWICK & SHAPIRO, P.C., Washington, D.C., for Appellants. Brent R. Rushforth, Mark D. Harris, JENNER & BLOCK, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants, Kimberly Riley (Riley) and Laura Carros (Carros), both women, appeal the district court's entry of summary judgment in favor of the appellee, Technical & Management Services Corporation (TAMSCO), in their joint action alleging employment discrimination based on sex and employer retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 and Supp. 1995). Finding no error, we affirm.

I.

TAMSCO, located in Beltsville, Maryland, offers specialized management and technical services and support to the private sector and the federal government in the areas of program and operations management, computer sciences, engineering support services, and integrated logistic support. In September 1985, the United States Coast Guard awarded TAMSCO a contract to develop and maintain a computerized system known as the Aviation Computerized Maintenance System (ACMS) that would track, report, and schedule all maintenance activities on Coast Guard aircraft.

Within TAMSCO, both Carros and Riley held positions connected with the ACMS contract. Carros was a senior program control analyst, responsible for administration of the contract (budget planning, deliverables tracking, etc.). Riley was the system administrator. As system administrator, she managed the computer system that housed the database containing the maintenance records for the Coast Guard aircraft. Accordingly, she was responsible for safeguarding the database and backing-up the computer system.

The present civil action stems from a series of events at TAMSCO that began in May 1992. In that month, Carros and Riley met with

2

Margaret Harrison, TAMSCO's Director of ADP Services and Software Development, to report what they considered significant morale problems at TAMSCO. Specifically, Carros and Riley reported that women at that office were troubled by graphic sexual comments made by certain TAMSCO employees.

Furthermore, in May 1992, TAMSCO promoted Ben Davis to the position of technical manager of the entire ACMS program. Carros contends that she was qualified for the position, but that TAMSCO denied her the opportunity to compete for it because she was a woman.

Also in May 1992, the Coast Guard, which under the ACMS contract reimbursed TAMSCO for the hourly labor costs associated with TAMSCO's execution of the ACMS contract, became concerned about staff inefficiencies, particularly the inefficiencies of Carros and Riley. The Coast Guard promptly expressed its concerns to TAMSCO and asked TAMSCO to explore new ways to improve staff efficiency.

After conducting a thorough examination of the entire ACMS program, which included comparing the duties and salaries of TAMSCO employees assigned to the ACMS contract with those of other TAMSCO employees performing similar duties under other contracts, TAMSCO concluded that several staff positions were not cost effective. Carros and Riley held two of those positions.

On July 17, 1992, the Coast Guard approved a TAMSCO proposal to streamline the staff under the ACMS contract. The streamlining plan, which became effective on August 1, 1992, provided for, among other things, the lay-off of a male employee on the ACMS programming staff and the leaving vacant of a position formerly held by a male employee on the ACMS staff, while dividing the responsibilities among other employees. The streamlining plan also reduced the cost of Carros' and Riley's positions to a level commensurate with the job responsibilities and average market value of equivalent services.

Consequently, in July 1992, TAMSCO informed Carros and Riley that each could either reduce her total work hours (Carros by twenty and Riley by ten) while maintaining the same hourly rate of pay or retain a forty-hour work week and reduce her hourly rate of pay.

TAMSCO further informed Carros and Riley that in the event either chose to work fewer hours, it would employ its best efforts to find other work within TAMSCO to fill a forty-hour week. Each plaintiff chose to reduce her work hours.

Within a few months, Carros and Riley no longer worked for TAMSCO. Carros contends that soon after she began working the reduced hours, her supervisors began to unfairly criticize her work and work habits, creating an intolerable working environment that prompted her to resign in September 1992. Shortly thereafter, TAMSCO terminated Riley. The stated reason was that she failed to store a full back-up copy of the ACMS computer system off-site as TAMSCO policy required.

Subsequently, Carros and Riley filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging discrimination based on their sex. After receiving their right to sue letters, Carros and Riley then brought this action in the United States District Court for the District of Maryland. In their complaint, both Carros and Riley alleged that TAMSCO reduced their hours because they were women and later discharged them for the same reason. In addition, Carros alleged that TAMSCO refused to promote her to the position of technical manager of the entire ACMS program because she was a woman. TAMSCO moved for summary judgment and Carros and Riley raised for the first time the allegation that TAMSCO's actions were also motivated by retaliatory animus in response to their complaints of graphic sexual comments to Margaret Harrison in May 1992.

After holding a hearing on Carros' and Riley's claims, the district court granted summary judgment in favor of TAMSCO on all claims, holding that under the evidence presented there was no genuine issue as to any material fact and that TAMSCO was entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

II.

Our review of the briefs and consideration of the arguments of the parties have revealed that this appeal is without merit. Accordingly, we affirm the judgment of the district court for the reasons stated in

that court's persuasive opinion. <u>Riley, et al. v. Technical and Management Service Corp.</u>, No. CA-93-3518 (D. Md. Jan. 29, 1995).

<u>AFFIRMED</u>

5